**Jill Colby BRIGHT and Michael Bright, Plaintiffs–Appellants,**

**Brenda Justo and Maria Marcia, Intervenors–Appellants,**

v.

**Ronald G. PARRA, etc., et al., Defendants–Appellees.**

No. 90–2251
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1990.

Peter D. Williamson, Frances Tobin, and Kelly A. Chaves, Houston, Tex., for plaintiffs-appellants.

David V. Bernal, U.S. Dept. of Justice, Oil, Civ. Div., Washington, D.C., Howard E. Rose, Sp. Asst. U.S. Atty., and Jack Shepherd, Asst. U.S. Atty., Houston, Tex., for defendants-appellees.

Before KING, GARWOOD and DUHÉ, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Jill Colby Bright and Michael Bright (the Brights) challenged the constitutionality of § 204(h) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1154(h), as amended by § 5 of the Immigration Marriage Fraud Amendment of 1986 (IMFA), Pub L. No. 99–639, 100 Stat. 3537, 3543 (1986). The district court allowed intervenor-appellants Brenda, Justo, and Maria Marcia (the Marcias) to intervene as party plaintiffs, then dismissed the claim under Fed.R.Civ.P. § 12(b)(6).[1] We affirm the district court's grant of defendants' motion for summary judgment.[2]

Our standard of review when the district court grants summary judgment is *de novo*. Summary judgment is properly granted only when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In this case, there is no genuine issue of material fact presented.

### I.

Michael Bright, a citizen of Pakistan, married Jill Colby Bright, a United States citizen, on April 9, 1988. Four days later, Jill Colby Bright filed an "immediate relative" petition. Deportation proceedings were previously instituted against Michael Bright in October, 1985. The district court has enjoined those proceedings pending appeal of this case.

Under 8 U.S.C. § 1154(h), otherwise known as § 5(b) of the IMFA, a United States citizen can file a visa preference petition for his or her spouse. The petition cannot be considered, however, if the marriage occurred while the alien spouse was in deportation proceedings, until the alien spouse lives outside the United States for two years after the date of marriage.[3] The Marcias' situation is factually similar to the Brights' story in that Brenda and Justo Marcia were married after deportation proceedings against Justo Marcia commenced.

### II.

The Brights and Marcias appeal on the grounds that both the United States citizen spouses and, indirectly, the alien spouses, are denied their procedural due process rights. The United States citizen spouses must choose between separating from their

---

1. Actually, the district judge granted defendant's Fed.R.Civ.P. § 12(b)(6) motion to dismiss, yet stated that he considered the entire record in the action. Fed.R.Civ.P. 12(b) states, in part, that "[i]f on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Thus we treat the district court's dismissal as the granting of summary judgment for the defendants.

2. The defendants are: Ronald G. Parra, District Director of the Immigration and Naturalization

Service, Houston, Texas; the Executive Office for Immigration Review; and the Attorney General of the United States.

3. 8 U.S.C. § 1154(h) states:

Notwithstanding subsection (a) of this section, a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during the period described in section 1255(e)(2) of this title, until the alien has resided outside the United States for a 2-year period beginning after the date of the marriage. [§ 1255(e)(2) describes the period during which administrative judicial proceedings are pending regarding the alien's right to enter or remain in the United States.].

husbands for two years and leaving the country with them. They argue that this violates due process because the Act provides for no pre-deprivation hearing. Specifically, the Brights and Marcias claim that (1) the issue of procedural due process for the citizen spouse has not been fully addressed by this court, (2) 8 U.S.C. § 1154(h) violates the fundamental rights of United States citizens to marry and reside in this country, and (3) that 8 U.S.C. § 1154(h) is a procedural provision and therefore must meet procedural due process requirements. We will discuss each issue in turn.

### A.

The Brights and Marcias first argue that the issue of procedural due process for the citizen spouse has not been fully addressed by this court. We disagree. This court stated, in *Anetekhai v. Immigration and Naturalization Service*, that "[o]bviously our decision will have a significant impact on Mrs. Anetekhai's interests. We note, however, that Mrs. Anetekhai has no constitutional right to have her alien spouse remain in the United States." 876 F.2d 1218, 1222 n. 5 (5th Cir.1989) (citation omitted).

The Brights and Marcias argue that this court should remove the yoke of *Fiallo v. Bell* which, in turn, would allow us to find that the procedural due process rights of the United States citizen spouses were violated. 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). In *Fiallo*, the Supreme Court said that "it is important to underscore the limited scope of judicial inquiry into immigration legislation." 430 U.S. at 792, 97 S.Ct. at 1478. *See also, Fiallo,* 430 U.S. at 793–96 nn. 5–6, 97 S.Ct. at 1478–80 nn. 5–6 (limited judicial responsibility with respect to the power of Congress to regulate the admission and exclusion of aliens;

despite impact of classifications on interests of those already within our borders, congressional determinations subject only to limited judicial review). Thus, as long as we review congressional legislation regarding the admission or exclusion of aliens, we must give great deference to the power of Congress.

The Brights and Marcias argue, however, that their case should not be reviewed with the deference *Fiallo* grants Congress. The Brights and Marcias attempt to distinguish *Fiallo* by claiming that the instant case concerns the statutory right of United States citizens to petition for immediate relative status for one's alien spouse.[4] 8 U.S.C. § 1154(a)(1).

We disagree. Our decision in *Anetekhai* discusses the fact that the United States citizen spouse has no constitutional right to keep her alien spouse from being deported. *Anetekhai,* 876 F.2d at 1222 n. 5. Furthermore, the *Fiallo* court clearly states that despite the potential and adverse impact of alienage legislation on those "already within our borders," we nevertheless give Congress great deference. *Fiallo,* 430 U.S. at 795 n. 6, 97 S.Ct. at 1479 n. 6. Thus, despite the potential injury to United States citizen spouses such as Jill Colby Bright and Brenda Marcia, we nevertheless review 8 U.S.C. § 1154(h) under the deference standard set out in *Fiallo*.

The United States citizen spouses can still petition for immediate relative status for alien spouses, but they must wait for two years while the alien spouses leave the country. This two-year wait is a policy decision by Congress. Because "these are policy questions entrusted exclusively to the political branches of our government, ... we have no judicial authority to substitute our political judgment for that of the Congress." *Fiallo,* 430 U.S. at 798, 97 S.Ct. at 1481. *See also, Harisiades v. Shaughnessy,* 342 U.S. 580, 596–97, 72 S.Ct. 512, 522–23, 96 L.Ed. 586 (1952)

---

**4.** *Fiallo* concerned the constitutionality of § 101(b)(1)(D) and (b)(2) of the Immigration and Nationality Act of 1952. The Court found the Act constitutional although it excluded the relationship between an illegitimate child and his natural father (but not between an illegitimate child and his natural mother) from special preference immigration status. The Court's

decision was based, in large part, on prior cases which "have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Fiallo* at 792, 97 S.Ct. at 1478 (quoting *Shaughnessy v. Mezei,* 345 U.S. 206, 210, 73 S.Ct. 625, 628, 97 L.Ed. 956 (1953)).

(Frankfurter, J., concurring) ("the right to terminate hospitality to aliens, [and] the grounds on which such determination shall be based, [has] been recognized as [a] matter[ ] solely for the responsibility of the Congress and wholly outside the power of this Court to control.").

### B.

■ The Brights and Marcias next claim that 8 U.S.C. § 1154(h) violates their fundamental rights of marriage and residence. We are bound by precedent, however, and this court has already stated that United States citizen spouses have no constitutional right to have their alien spouses remain in the United States. *Anetekhai,* 876 F.2d at 1222 n. 5. Thus, we do not agree that § 1154(h) violates the fundamental right of marriage or of residence of the United States citizen spouse.

### C.

■ Finally, the Brights and Marcias argue that 8 U.S.C. § 1154(h) is a procedural, not substantive, provision and therefore must meet procedural due process requirements. The D.C. Circuit recently found the statute to be procedural, but the 2–1 panel decision has been vacated because a rehearing en banc was granted. *Escobar v. Immigration & Naturalization Service,* 896 F.2d 564 (D.C.Cir.1990). While the D.C. Circuit is presently debating whether 8 U.S.C. § 1154(h) is a procedural or substantive provision, this court has already decided the issue. In *Anetekhai,* we clearly said that "[a]s an initial matter, we reject the ACLU's attempt to characterize § 1154(h) as a matter of procedure only." 876 F.2d at 1223. The *Anetekhai* court held that no question of procedural due process arises under § 1154(h) with respect to the alien spouse other than whether the statute was properly invoked. 876 F.2d at 1223. In sum, we are bound by the *Anetekhai* court's holding that § 1154(h) is not a procedural provision, and thus that procedural due process, beyond the proper invocation of the statute, is not required.

### III.

For the foregoing reasons, we affirm the district court's grant of defendants' motion for summary judgment.

AFFIRMED.