974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesusa Santos GROFF, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1992.
Submission Deferred Feb. 13, 1992.
Resubmitted Sept. 2, 1992.
Decided Sept. 4, 1992.
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Acb-iuy-qmz.
 
 BIA
 
 2
 PETITION DENIED.
 
 
 3
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges, and MUECKE, District Judge.*
 
 
 4
 MEMORANDUM**
 
 
 5
 Jesusa Santos Groff petitions for review of an order of the Board of Immigration Appeals (BIA). We deny the petition.
 
 
 6
 Groff first argues that the BIA abused its discretion by denying her motion to reopen because she presented prima facie evidence of her eligibility for adjustment of her status. The BIA has discretion to deny such a motion, however, "even if the alien has made out a prima facie case for relief." INS v. Abudu, 485 U.S. 94, 106 (1988). The BIA may deny such a motion on the ground that the evidence relied upon by Groff was not, in fact, previously unavailable. 8 C.F.R. § 3.2 ("Motions to reopen in deportation proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.") (emphasis added); id. § 242.22; Abudu, 485 U.S. at 108. The factual basis underlying Groff's motion to reopen, her marriage to a citizen, existed prior to the deportation hearing. The BIA did not, therefore, abuse its discretion when it affirmed the denial of her motion to reopen.
 
 
 7
 Groff also argues that the BIA abused its discretion by failing to construe her motion to reopen as a motion to reconsider. This argument lacks merit because a motion to reconsider based on new evidence is subject to the same prerequisites as a motion to reopen. See 8 C.F.R. §§ 3.2 and 242.22.
 
 
 8
 Finally, Groff argues that the due process rights of her husband have been violated because he has a right for her to remain in this country pending the processing of her visa. Groff relies only upon a vacated opinion of the Second Circuit. See Escobar v. INS, 896 F.2d 564 (vacating upon grant of rehearing en banc), appeal dismissed, 925 F.2d 488 (2d Cir.1990). So far as we are aware, each circuit that has reached this issue has held that citizen spouses have no constitutional right to prevent an alien spouse from being deported. See Bright v. Parra, 919 F.2d 31, 33-34 (5th Cir.1990); Almario v. Attorney Gen., 872 F.2d 147, 151 (6th Cir.1989); Azizi v. Thornburgh, 908 F.2d 1130, 1134-36 (2d Cir.1990); see also Fiallo v. Bell, 430 U.S. 787, 797-99 (1977) (Choices about immigration preferences are "policy questions entrusted exclusively to the political branches of our Government, and we have no judicial authority to substitute our political judgment for that of the Congress.").
 
 
 9
 PETITION DENIED.
 
 
 10
 C.A. MUECKE, Senior District Judge, concurring:
 
 
 11
 I concur in the above disposition because the law obviously requires such a view. However, as an examination of the record of the proceedings on appeal before this Court will reveal, I felt that the facts of this case illustrate the axiom that "bad facts made bad law." It was my opinion, and the representative from the United States Attorney General's Office appeared to agree, that this case should be settled without an opinion by the Court with a result of such settlement expediting the entry of the petitioner into the United States since the INS has determined that she is legally married to a United States citizen. I think the result of this disposition, instead of a settlement, will bring a great deal of anguish to the petitioner and her husband and I therefore proposed the solution of settlement, which my colleagues have not agreed to support.
 
 
 
 *
 Honorable C.A. Muecke, Senior United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3