24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Abimbola Olujinmi SOREMI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994
Decided April 29, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Soremi petitions for review the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") decision finding her deportable. She contends that the BIA erred by denying her an opportunity to demonstrate that her marriage to a United States citizen was bona fide within the meaning of Sec. 702(c) of the INA, 8 U.S.C. Sec. 1255(e)(3). Soremi also challenges the constitutionality of former Sec. 204(h) of the INA, 8 U.S.C. Sec. 1154(h), which imposed a mandatory two-year foreign residency requirement on aliens seeking approval of an adjustment of status petition based on marriage to a United States citizen, and the BIA's failure to terminate proceedings to allow her to apply for legalization under the amnesty program pursuant to 8 U.S.C. Sec. 1255a(a)(2)(B). Soremi seeks an order of remand to the BIA to reopen her case to receive the retroactive benefit of Sec. 702(c). Alternatively, she seeks an extension of her voluntary departure date. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a). We affirm.
 
 
 3
 * Soremi contends that the BIA erred by failing to recognize the applicability of Sec. 702(c) to her case, to notify her of the change in the law during the pendency of her appeal and for not adjourning proceedings to allow her to renew her request for an adjustment of status based on her marriage.
 
 
 4
 Soremi's argument is wholly without merit. The proper resolution of this question turns on who was responsible for calling attention to the applicability of Sec. 702(c) to Soremi's appeal. While deportation proceedings are pending, the petition for adjustment of status is treated as any other form of discretionary relief. Donald B. Kempster, Adjustment of Status: The Silva and Contreras Cases, Immigration and Naturalization Practice, at 8-37 (1981). As a general rule, it is the alien's duty to request discretionary relief and failure to do so constitutes a waiver. Cf. Vargas v. U.S. Dept. of Immigration, 831 F.2d 906, 907-08 (9th Cir.1987). Soremi never filed an adjustment of status application or requested other relief, such as a motion to remand to the IJ, see Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), during the two-year period between the enactment of Sec. 702(c) and the dismissal of her appeal. She was represented by counsel throughout this period. Soremi waived any rights she may have had when she failed to bring Sec. 702(c) to the BIA's attention.
 
 II
 
 5
 Soremi challenges the constitutionality of former Sec. 204(h). She argues that the statute denied her a meaningful opportunity to present evidence of the bona fide nature of her marriage, thus unconstitutionally interfering with her implied fundamental right to marry. She argues that former Sec. 204(h) violated principles of substantive and procedural due process and equal protection.
 
 
 6
 We review de novo constitutional claims. Yao v. INS, 2 F.3d 317, 318 (9th Cir.1993). Soremi's reliance on dicta from our previous decisions is misplaced. See Blancada v. Turnage, 891 F.2d 688, 690 (9th Cir.1989) (concluding that argument that INS regulation interfered with fundamental right to marry is nonfrivolous); Israel v. INS, 785 F.2d 738, 742 n. 8 (9th Cir.1986) (conditioning grant of voluntary departure on alien's promise not to marry represents unjustified government interference); Bark v. INS, 511 F.2d 1200, 1201 (9th Cir.1975) (regulating lifestyles in guise of specifying requirements of bona fide marriages would pose serious constitutional questions). We have not previously considered a direct constitutional challenge to the mandatory two-year foreign residency requirement under former Sec. 204(h). This question is properly controlled by Fiallo v. Bell, 430 U.S. 787 (1977). In Fiallo, the Supreme Court rejected a constitutional challenge to a statute that conditioned the grant of immediate relative status to illegitimate children depending on whether their natural mothers or fathers were United States citizens. 430 U.S. at 792. In reaching this conclusion, the Court underscored "the limited scope of judicial inquiry into immigration legislation" when reviewing congressional policy choices. Id. Under Fiallo, we are called on to determine only whether Congress had a "facially legitimate and bona fide reason" for the challenged legislation. 430 U.S. at 794 (citations omitted).
 
 
 7
 The two-year foreign residency requirement under former Sec. 204(h) embodies a congressional policy choice: the desire to deter marriage fraud. This is a facially legitimate reason which, under Fiallo, precludes us from balancing Soremi's constitutional interests. We conclude that the former Sec. 204(h) two-year foreign residency requirement was within Congress' plenary power to regulate immigration and naturalization matters.
 
 
 8
 Our reasoning finds support in the circuit court decisions that considered this question prior to the enactment of the Sec. 702(c) waiver. These decisions properly considered and rejected all of the theories proposed by Soremi in this appeal. See Bright v. Parra, 919 F.2d 31, 33 (5th Cir.1990); Anetekhai v. INS, 876 F.2d 1218, 1221-24 (5th Cir.1989); Almario v. Attorney General, 872 F.2d 147 (6th Cir.1989); see also Azizi v. Thornburgh, 908 F.2d 1130, 1133 (2nd Cir.1990).
 
 III
 
 9
 Soremi challenges the BIA's refusal to terminate proceedings in order to allow her to apply for legalization under 8 U.S.C. Sec. 1255a. She argues that but for the INS' illegally restrictive interpretation of the phrase "known to the Government" set out at 8 C.F.R. Sec. 245a.1(d), she would have been eligible to file a prima facie application for legalization. Soremi characterizes the BIA's failure to terminate proceedings in light of the successful challenge to Sec. 245a.1(d) in Farzad v. Chandler, 670 F.Supp. 690, 693 (N.D.Tex.1987), as a denial of due process.
 
 
 10
 Soremi's reliance on Farzad is misplaced; her argument is without merit regardless of any possible infirmity in Sec. 245a.1(d).[1] In Yao v. INS, we considered whether the BIA erred by failing to terminate proceedings in light of the petitioner's pending application for legalization pursuant to 8 U.S.C. Sec. 1160. 2 F.3d at 318. We concluded that "[w]hile an applicant [for legalization under IRCA] may not be deported under 8 C.F.R. Sec. 210.2(c)(4)(iv), no statutory or regulatory provision bars the initiation of deportation proceedings or precludes the entry of a deportation order [during the pendency of an alien's legalization application]." Id. at 319. If the BIA is not under a duty to terminate proceedings to allow determination of a pending application, it follows a fortiori that there is no duty to terminate proceedings to allow for the filing of an application.
 
 IV
 
 11
 Soremi seeks remand to the BIA to reopen proceedings or, alternatively, a new grant of voluntary departure.[2]
 
 
 12
 We deny Soremi's request for a remand. We have consistently refused to abrogate the BIA's authority to exercise discretion in determining whether proceedings should be reopened. See Ramirez-Gonzalez v. INS, 695 F.2d 1208, 1213-14 (9th Cir.1983). On the question of voluntary departure, moreover, Soremi misapprehends Ninth Circuit law. In Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988) (en banc), we held that our affirmance of the BIA's deportation order necessarily affirms the BIA's alternative grant of voluntary departure. In dismissing Soremi's appeal, the BIA affirmed the IJ's alternative 30-day grant of voluntary departure. By operation of the rule in Contreras-Aragon, Soremi will have 30 days after the issuance of our mandate to voluntarily depart the United States. The petition for review is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 To the extent that Soremi's challenge can be characterized as an attack on the legality of 8 C.F.R. 245a.1(d), her claim is not ripe for review. See Reno v. Catholic Social Services, 113 S.Ct. 2485 (1993), vacating, remanding, Catholic Social Services, Inc. v. Thornburgh, 956 F.2d 914 (9th Cir.1992)
 
 
 [2]
 To the extent that Soremi's request for voluntary departure challenges the deportation supervisor's failure to grant her an extension, the INS correctly argues that this court lacks jurisdiction to review the discretionary decisions of the District Director or his agents. Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985). The facts pertaining to the alleged wrongful failure to grant an extension are outside the administrative record for review. See 8 U.S.C. Sec. 1105a(a)(4)