**Joseph OKEKE, Do Hung Kim, and Mulu Tamene Alemayehu, Petitioners,**

**v.**

**Kenneth L. PASQUARELL, as District Director of the San Antonio District of the Immigration and Naturalization Service, Doris Meissner, as the Commissioner of the Immigration and Naturalization Service, the Immigration and Naturalization Service, an Agency of the United States, the Executive Office for Immigration Review, an agency of the United States, and Janet Reno, as the Attorney General of the United States, Respondents.**

**No. CIVASA–99–CA–1034–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

Jan. 11, 2000.

Simon M. Azar–Farr, Simon M. Azar–Farr & Associates, San Antonio, TX, for Joseph Okeke, Do Hung Kim, petitioners.

John F. Paniszczyn, U.S. Attorney's Office, San Antonio, TX, Alice Loughran, Office of Immigration Litigation, Washington, DC, for Kenneth L. Pasquarell, District Director of the San Antonio District of the Immigration & Naturalization Service, Doris Meissner, INS Commissioner, the Executive Office for Immigration Review, U.S. Immigration and Naturalization Service, respondents.

## ORDER DENYING APPLICATION FOR HABEAS CORPUS RELIEF

BIERY, District Judge.

This case presents an opportunity to review, anthologize and synthesize decisions concerning jurisdiction [1] and the constitutionality [2] of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 which provides for the interlocutory detention of criminal aliens without bond pending the conclusion of removal proceedings. Distilling the cases cited within these pages leads the Court to these observations:

We live in an imperfect world with artificial borders separating groups of human beings. The irresistible impulse of often desperate and always disparate people to seek freedom and prosperity in the United States collides with the finite capacity to absorb all who would vote with their feet to enter. The attractiveness to those who would come here and the genius of the American system of government include the idea that issues of immigration policy and national sovereignty be separately decided by the sovereign people within the purview of the elected branches with appropriate checks by overarching constitutional concepts as interpreted by the judicial branch.

Other than the *Martinez* [3] case, that constitutional construal gives wide latitude to the legislative branch to formulate immigration policy as a civil administrative area of law notwithstanding results which seem somewhat counterintuitive to fundamental criminal law notions of due process,

release on bond and the *ex post facto* application of laws. Barring amendments by the Congress, petitioners' only avenue of relief appears to be supplication for an act of grace from the executive branch notwithstanding the petitioners' wrongdoings. 8 U.S.C. § 1229b(a) (cancellation of removal proceedings); *Id.* § 1158(a)(1)(authority to apply for asylum) [4]. To the extent it may be necessary, it would be within the power of the legislative branch to grant some additional modicum of discretion to the executive branch.

■ Before the Court is the application for habeas corpus relief filed by petitioners Joseph Okeke, Do Hung Kim and Mulu Tamene Alemayehu. Petitioners are permanent resident aliens of the United States who violated the terms of their privilege to be in this country by engaging in criminal activity. Mr. Okeke was convicted of possession of cocaine. Mr. Kim was convicted of robbery, assault and possession of marijuana. Mr. Alemayehu was convicted of unlawfully carrying a weapon. Each is in the custody of the Immigration and Naturalization Service pending deportation proceedings. Petitioners filed this habeas corpus action contending the statute which provides for their detention without bond, the Illegal Immigration Reform and Immigration Responsibility Act of 1996, 8 U.S.C. § 1226(c), is unconstitutional. Mr. Alemayehu also raises a statutory argument asserting the immigration judge erred by finding section 1226(c) applied to his case. Before the Court are the government's motion to dismiss (docket no. 18) and petitioners' responses (docket nos.

---

1. 8 U.S.C. § 1252(g) states: "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any case or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."

2. 8 U.S.C. § 1226(c)(1), (2) states the attorney general shall take a criminal alien into custody pending removal proceedings and the alien

may be released pending the removal proceedings only if the alien's release is necessary to aid an investigation or prosecution.

3. *Martinez v. Greene*, 28 F.Supp.2d 1275 (D.Colo.1998)(finding 8 U.S.C. 1226(c) unconstitutional).

4. "The attorney general *may* cancel removal ...." 8 U.S.C. § 1229b(a)(emphasis added). "Any alien ... *may* apply for asylum ...." *Id.* § 1158(a)(1) (emphasis added).

23 & 26) in opposition to the motion. The Court finds the application should be denied.

For guidance, the Court has reviewed the following cases:

- *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999)(statute restricting jurisdiction of district court in immigration matters must be narrowly construed and is limited to "three distinct actions" listed in the statute itself: decisions or actions "to *commence* proceedings; *adjudicate* cases, or *execute* removal orders.") (Citing 8 U.S.C. § 1252(g), emphasis in original);
- *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir.1999)(accepting jurisdiction and finding section 1226(c) constitutional in light of government's interest in protecting public from potentially dangerous aliens and their risk of flight) [5];
- *Zadvydas v. Underdown*, 185 F.3d 279, 285–86 (5th Cir.1999). In upholding statute providing for mandatory long term detention of resident aliens subject to final deportation orders, the Fifth Circuit explained Congress's plenary power over immigration cases:

[A]lien status can affect our analysis of constitutional rights. Because of their special position, certain classifications and restrictions that would be intolerable if applied to citizens are allowable when applied to resident aliens. [citations omitted]. More importantly for the issue before us, courts have long recognized that the governmental power to exclude or expel aliens may restrict aliens' constitutional rights when the two come into direct conflict. [citations omitted]. Indeed the [Supreme] Court has accepted collateral damage to the constitutional rights of citizens as an acceptable price to pay in deference to the plenary power over aliens of the political branches of the national government. (Emphasis added).

In discussing *Reno* and citing with approval *Parra*, the Court further explained deportation is a "civil proceeding not subject to the same battery of protections as would govern a criminal trial." (citing *I.N.S. v. Lopez–Mendoza*, 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984));

- *Carlson v. Landon*, 342 U.S. 524, 543, 72 S.Ct. 525, 96 L.Ed. 547 (1952)(upholding provisions of International Security Act providing for detention of certain aliens without bond pending deportation proceedings);
- *Reno v. Flores*, 507 U.S. 292, 305–06, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993)(Congress has plenary power over immigration matters and therefore judicial deference must be given to its judgment);
- *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n. 21, 96 S.Ct. 1895, 48 L.Ed.2d 495 (1976)("power over aliens is of a political character and therefore subject only to narrow judicial review");
- *Immigration & Naturalization Serv. v. Chadha*, 462 U.S. 919, 955, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983)(indicating Congress retains power to narrow scope of its delegated authority over immigration matters at any time);
- *Bright v. Parra*, 919 F.2d 31, 33–34 (5th Cir.1990)(in reviewing "congressional legislation regarding the admission or exclusion of aliens, we must give great deference to the power of Congress");
- *Anetekhai v. Immigration & Naturalization Serv.*, 876 F.2d 1218, 1221–22 & n. 6 (5th Cir.1989)("courts should be highly deferential in reviewing congressional enactments in the areas of immigration and naturalization");
- *Rodriguez v. Immigration & Naturalization Serv.*, 9 F.3d 408, 413–14 (5th Cir.1993). The Fifth Circuit was not

---

5. *But see Richardson v. Reno,* 180 F.3d 1311, 1315 (11th Cir.1999) (district court has no jurisdiction to consider petition challenging constitutionality of section 1226(c)).

persuaded the denial of the opportunity to apply for a waiver of deportation violated an alien's constitutional rights. The Court again recognized the importance of the judiciary giving great deference to Congressional judgment in the immigration context:

**Although resident aliens are entitled to constitutional protection,** *Landon v. Plasencia,* **459 U.S. 21, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982), this protection is limited by Congress's broad powers to control immigration. This court has recognized Congress's "unbounded power" in the area of immigration.** *See Matter of Longstaff,* **716 F.2d 1439, 1442 (5th Cir.1983)(in discussion of exclusion, stating that "Congress can bar aliens from entering the United States for discriminatory and arbitrary reasons, even those that might be condemned as a denial of equal protection or due process if used for purposes other than immigration policy to draw distinctions among people physically present within the borders of the United States.")(Emphasis added);**

• *United States ex rel. Barbour v. District Dir. of Immigration & Naturalization Serv.,* 491 F.2d 573, 577–78 (5th Cir.)(detention based on undisclosed evidence upheld), *cert. denied,* 419 U.S. 873, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974).

• *Galvez v. Lewis,* 56 F.Supp.2d 637, 641 (E.D.Va.1999)(section 1226(c) passes constitutional muster);

• *Edwards v. Blackman,* 48 F.Supp.2d 477, 480 (M.D.Pa.1999) (detention without bond pursuant to section 1226(c) is constitutional);

• *Diaz–Zaldierna v. Fasano,* 43 F.Supp.2d 1114, 1116–20 (S.D.Ca.1999)(finding section 1226(c) constitutional).

The Court has also considered three habeas proceedings relied upon by petitioners finding section 1226(c) unconstitutional; two of the three are distinguishable on their facts:

• *Danh v. Demore,* 59 F.Supp.2d 994, 1003 (N.D.Ca.1999). Petitioners maintained they had not been convicted of one of the felonies which authorizes removal. They also had been detained indefinitely because the nation of which they were citizens, Vietnam, would not take them back. Here, petitioners concede they are removable because of the criminal convictions and admit the nations of which they are citizens accept return of their citizens.

• *Van Eeton v. Beebe,* 49 F.Supp.2d 1186, 1188 (D.Or.1999). Petitioner alleged he was a citizen rather than an alien. In this case, petitioners acknowledge they are aliens.

• *Martinez v. Greene,* 28 F.Supp.2d 1275 (D.Colo.1998). The Court held section 1226(c) constitutional. This case is not significantly distinguishable from the facts and issues before this Court.

This Court chooses to follow the Seventh Circuit's reasoning in *Parra,* which discusses situations such as those in *Danh* and *Van Eeton* and disagreed with the Colorado district court's rationale in *Martinez,* more persuasive. *See Parra,* 172 F.3d at 957–58. "The private interest here is not liberty in the abstract, but liberty in the United States by someone no longer entitled to remain in this country but eligible to live at liberty in his native land ....." *Id.* at 958. "Given the sweeping powers Congress possesses to prescribe the treatment of aliens, the constitutionality of § 1226(c) is ordained." *Id.* (citing *Fiallo v. Bell,* 430 U.S. 787, 792, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977)). Presuming jurisdiction exists to hear this matter, the Court holds section 1226(c), providing for the detention of criminal aliens without the possibility of bail pending deportation proceedings, is constitutional.

■ In his statutory argument, Mr. Alemayehu challenges the immigration judge's determination section 1226(c) applies to his case. He argues the statute does not apply to him because he was not taken into custody by the Immigration and

Naturalization Service immediately upon release from criminal custody. Section 1226(e) provides:

> **The Attorney General's discretionary judgment regarding the application of 8 U.S.C. § 1226 shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.**

8 U.S.C. § 1226(e)(emphasis added). The majority of courts addressing the issue have held section 1226(e) divests the district courts of jurisdiction to review an alien's challenge to his detention under section 1226(c) except to the extent the alien raises a constitutional claim to section 1226(c) itself. *See Parra,* 172 F.3d at 957 (citing *Johnson v. Robison,* 415 U.S. 361, 366–74, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974)); *Galvez,* 56 F.Supp.2d at 640–41; *Edwards,* 48 F.Supp.2d at 480. *But see Aguilar v. Lewis,* 50 F.Supp.2d 539 (E.D.Va.1999). Even if Mr. Alemayehu's claim is not precluded by section 1226(e), the government makes a persuasive argument this Court lacks jurisdiction to entertain his challenge to the immigration judge's decision because he failed to exhaust administrative remedies through a final adjudication by the Board of Immigration Appeals ("BIA") before seeking relief in federal court. Alternatively, the Court concludes section 1226(c) applies to Mr. Alemayehu's case. *See California v. United States,* 104 F.3d 1086, 1094–95 (9th Cir.1997)("upon release" language of predecessor statute does not require immigration authorities to take aliens into custody immediately upon their release from state incarceration; decision of when to arrest criminal aliens is committed to agency discretion and not reviewable), *cert. denied,* 522 U.S. 806, 118 S.Ct. 44, 139 L.Ed.2d 11 (1997); *In re Garvin–Noble,* File A41 600 093–Oakdale, 1997 WL 61453(BIA) (Interim Decision (BIA) 3301 January 16, 1997)("when the alien is released" specifies time at which duty arises, not time at which alien must be taken into custody);

*cf. Immigration & Naturalization Serv. v. Aguirre–Aguirre,* 526 U.S. 415, 119 S.Ct. 1439, 1445, 143 L.Ed.2d 590 (1999)(BIA interpretation is entitled to significant deference).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (contained in docket no. 18) is GRANTED and the relief sought in petitioners' application for writ of habeas corpus is DENIED. The above-styled and numbered cause is DISMISSED. Each side is to bear its respective costs. Motions pending with the Court, if any, are denied.

It is so ORDERED.