**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60894
_____

DAVID CASTILLO-AVALOS,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review
of an Order of the Board of Immigration Appeals
Agency Number A75 234 172
_____

Before REAVLEY, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[1]

This petition for review requires us to decide a close question of statutory interpretation:  Whether David Castillo-Avalos ("Castillo"), who entered this country without inspection,[2] is eligible to apply for an adjustment of his immigration status under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i).  His eligibility is problematical because he is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I), which provides

_____

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] For purposes of this opinion, we treat as synonymous the phrases "entry without inspection", "unlawful entry", and "entry without having been admitted or paroled."

for inadmissibility if entry into this country without inspection occurred <u>after</u> having been present in this country unlawfully for more than one year. We are persuaded that § 1255(i), which cures inadmissibility simply based on an alien's entry without inspection, does not apply to Castillo because under § 1182(a)(9)(C)(i)(I) he is inadmissible not merely because he entered the country without inspection, but because he illegally entered after he had accrued more than one year of unlawful presence in the United States.

I

Castillo is a native and citizen of Mexico. He alleges that he has lived in the United States since 1992, but conceded that he has never had legal status in this country. In 1996, he married Sandra Barajas Castro, then a lawful permanent resident of the United States. She filed a relative immigrant visa petition on behalf of Castillo, which was approved in October 1997. The Castillos have a United States citizen son, born in Beaumont, Texas in 1998.

In March 1999, Castillo had a minor run-in with the law, which apparently led the Immigration and Nationality Service ("INS") agents to apprehend him, based on his entry without inspection.[3]

---

[3] The INS ceased to exist on March 1, 2003. The newly created Department of Homeland Security assumed the functions of the INS. In this opinion, we will refer to the agency as the INS because the actions relevant to this case took place before the transfer of these functions to the Department of Homeland Security.

He was granted voluntary departure. He soon reentered the United States without inspection on or about May 27, 1999. On August 31, 2000, the INS served Castillo with a Notice to Appear, charging him with being subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without having been admitted or paroled. In January 2001, Castillo appeared before an Immigration Judge ("IJ") and conceded that he was removable. The IJ, however, granted a continuance to allow Castillo to apply for an adjustment of status. Castillo submitted his application to the immigration court, seeking adjustment pursuant to 8 U.S.C § 1255(i), which allows an alien, who is otherwise admissible, to remain in the United States while adjusting his immigration status, if he pays a fee. The IJ denied Castillo's application, holding that Castillo was inadmissible, and consequently ineligible for an adjustment of his immigration status, under § 1182(a)(9)(C)(i)(I) because he had been unlawfully present in the United States for an aggregate period of more than one year after April 1, 1997 and had then re-entered the country without inspection. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision without a written opinion.

## II

Thus, the question presented is whether Castillo's inadmissibility under § 1182(a)(9)(C)(i)(I) precludes adjustment of

his immigration status pursuant to § 1255(i).[4]  Section 1255(i) authorizes the Attorney General, for a fee of $1,000, to adjust the status of an alien who is physically present in the United States, but who was not inspected at the border, if: 1) the alien is eligible to receive a visa, 2) the visa is immediately available, and 3) the alien is admissible into the United States for permanent residence.

It is undisputed that at the time of his final hearing before the IJ, Castillo was eligible to receive a visa, and the visa was immediately available.  Thus, the remaining question as to Castillo's eligibility is whether, under the relevant statutory provisions, Castillo may be considered admissible into the United

---

[4] Castillo also argues that § 1182(a)(9)(C) violates his substantive due process rights and his equal protection rights. Neither of these arguments has merit.  It is well-established that neither Castillo nor his family is constitutionally entitled to have Castillo remain in the country in violation of the immigration laws.  See Bright v. Parra, 919 F.2d 31, 34 (5th Cir. 1990). Furthermore, Congress may make classifications of aliens as long as it has a facially legitimate reason for making the distinction. See Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 308 (5th Cir. 1999).  Here, it seems clear that Congress has rationally chosen to distinguish individuals who have effected multiple illegal entries into this country or who have accrued significant unlawful presence here from those who have entered illegally only a single time.

Next, Castillo argues that § 1182(a)(9)(C) is invalid because it conflicts with Article 17 of the International Covenant on Civil and Political Rights ("ICCPR"), which requires that no one shall be subjected to arbitrary or unlawful interference with his or her family.  This argument is meritless because, among other reasons, the ICCPR was ratified before the relevant statutory sections were passed.  "[W]hen a statute which is subsequent in time is inconsistent with a treaty, the statute to the extent of conflict renders the treaty null."  Breard v. Greene, 523 U.S. 371, 376 (1998).

4

States.  Section 1182 lists several classes of inadmissible aliens. The statute provides that an alien is inadmissible if he is present in the United States without having been admitted or paroled.  8 U.S.C. § 1182(a)(6)(A).  The statute also provides that an alien is inadmissible if he "has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and . . . enters or attempts to reenter the United States without being admitted."  8 U.S.C. § 1182(a)(9)(C)(i).  Thus, under the facts of this case, Castillo is inadmissible under both (6)(A) and (9)(C)(i)(I).

### III

We have recently affirmed, in a factually indistinguishable case, a BIA decision that, in the light of § 1255(i), § 1182(a)(6)(A) does not preclude an alien from applying for an adjustment of status.  Mortera-Cruz v. Gonzalez, --- F.3d ---, 2005 WL 1076166, at *5 (5th Cir. May 9, 2005).  In Mortera-Cruz, we found that "the conduct proscribed by section 1182(a)(9)(C)(i) is both different from and more culpable than the conduct of a one-time illegal alien subject to inadmissibility . . . only under section 1182(a)(6)(A)(i)."  Id. at *7.  We then affirmed the BIA's dismissal of Mortera-Cruz's petition for adjustment of status after noting that the BIA's ruling was not arbitrary and was therefore entitled to Chevron deference.  Id. at *7.

Because the present case is indistinguishable from Mortera-Cruz, it is binding precedent in deciding this appeal and,

5

accordingly, we DENY the petition for review on the basis that § 1182(a)(9)(C)(i) precludes eligibility for adjustment of status under § 1255(i).

PETITION DENIED.