# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60544
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2025

Lyle W. Cayce
Clerk

Francisco Vega-Solis,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A041 774 582

———————————————————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Francisco Vega-Solis, a native and citizen of Mexico, whose status was adjusted in 1989 to lawful permanent resident, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's (IJ's) order of removal and denial of cancellation of removal. The BIA concluded that Vega's 2023 conviction under 8 U.S.C.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60544

§ 1324(a)(1)(A)(ii) and (v)(II) for aiding and abetting the unlawful transportation of an alien within the United States constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(N) (described *infra*). Vega presents two bases for his petition. Both are totally without merit.

Although we generally lack jurisdiction to review an order of removal against an alien who is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to an aggravated-felony conviction, *see* 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, including whether an alien's conviction qualifies as an aggravated felony. *E.g.*, *Fosu v. Garland*, 36 F.4th 634, 636–37 (5th Cir. 2022). Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.*

For the first basis, and as noted, the BIA concluded that Vega's statute of conviction was an aggravated felony under 8 U.S.C. § 1101(a)(43)(N). Section 1101(a)(43)(N) defines an aggravated felony, in relevant part, as "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)". 8 U.S.C. § 1101(a)(43)(N).

Focusing on the parenthetical phrase "relating to alien smuggling", Vega asserts that the plain meaning of "smuggling" entails the illegal crossing of a *national* border. Because his conviction only involved the transportation of an alien within the United States, and not across any national borders, he contends it does not meet the definition of aggravated felony under § 1101(a)(43)(N).

As stated, his contention is totally without merit. Section 1101(a)(43)(N) is not limited to offenses that involve an act related to the illegal crossing of an alien over a national border. *See Ruiz-Romero v. Reno*,

2

205 F.3d 837, 838–40 (5th Cir. 2000) (rejecting argument that transporting aliens within the United States does not constitute "smuggling" under § 1101(a)(43)(N) and upholding conclusion defendant committed an aggravated felony).  As this court held in *Ruiz-Romero*, the parenthetical phrase at issue "is a description of, not substantive restriction on, the statutory cross references that precede it".  *Id.* at 840; *see also United States v. Monjaras-Castaneda*, 190 F.3d 326, 327–31 (5th Cir. 1999) (same conclusion in context of sentencing guideline relying on 8 U.S.C. § 1101(a)(43)(N)'s definition of aggravated felony).  Accordingly, he has not shown that the BIA erred in concluding:  his conviction qualified as an aggravated felony; and he was ineligible for cancellation of removal.  *See Ruiz-Romero*, 205 F.3d at 838–40; 8 U.S.C. § 1229b(a)(3).

For his second basis, Vega presents a constitutional challenge based on the liberty interests of his relatives (his mother and his children) who are United States citizens or legal permanent residents.  As also stated *supra*, this challenge is totally without merit.  *See Dep't of State v. Muñoz*, 602 U.S. 899, 909, 916 (2024) ("a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the" United States) (quote on 909); *Bright v. Parra*, 919 F.2d 31, 34 (5th Cir. 1990) ("United States citizen spouses have no constitutional right to have their alien spouses remain in the United States."); *Gonzalez-Cuevas v. INS*, 515 F.2d 1222, 1224 (5th Cir. 1975) (no constitutional right of citizen children is violated when their parents are ordered deported).

DENIED.